In the Matter of the Application of the MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK to Acquire Title to Land, etc. WILLIAM D. WARREN, Appellant. LEWIS ROBERTS, Respondent.

Commissioners appointed to appraise the compensation to be paid for certain lands belonging to a railroad company, sought to be taken by the city of New York, for the construction of a reservoir, determined and reported as the amount of the compensation, the estimated expense of raising the bed of the railroad, and relaying the tracks, and other work rendered necessary by reason of the construction of the reservoir, and they found that the city should pay the sum so estimated " from time to

time as the work should progress" to W., as contractor for construct-
ing the railroad for the company. Upon the coming in of the
report, on application made without notice to W., the Special
Term of the Supreme Court confirmed the report, save that it or-
dered the sum awarded to be paid "to the contractor, who shall do the
work specified." W. had previous to that time done a small amount of
the work, but had suspended work, and, soon after, the railroad and its
franchises were sold on foreclosure. A new company was organized, who
contracted with R. to construct the road, it being provided in the contract
that he should receive the amount of the award. R. did the work in ques-
tion at a cost exceeding the estimate of the commissioners, and upon
motion made on his behalf, with notice to W., the prior order was
amended so as to make the award payable to R. *Held,* that the direction
of the commissioners did not give W. such a vested right in the award
as precluded the court from directing it to be paid to a different con-
tractor, who actually did the work ; and, although W. had no notice of
the original order, having had notice of the motion to amend, the
amended order was valid as against him.

Also *held,* that the fact that at the time the award was made the old com-
pany was indebted to R. in a large amount, and that the direction that
he was to receive the award was founded upon an agreement between
the company and the Croton department, did not preclude the court ; as
the award was not made for any interest he then had, but to cover the
expense of work thereafter to be done, and was simply made payable to
him to secure payment for such work.

Also *held,* that although W. might have some equity to be secured by the
award for the small amount of work done by him, he had no such abso-
lute right as made it error of law for the court to refuse him this pro-
tection.

(Argued June 13, 1882; decided November 28, 1882.)

APPEAL from order of the General Term of the Supreme
Court, in the first judicial department, made October 28, 1881,
which modified as stated in the opinion, and affirmed as modi-
fied, an order of Special Term, made June 19, 1880, which
amended an order made November 26, 1876, on the coming in
of the report of commissioners appointed herein to appraise
the compensation to be made to owners or persons interested
in certain lands sought to be taken for the purpose of construct-
ing a reservoir to furnish "a supply of pure and wholesome
water to the city of New York."

The motion to amend the order was made on behalf and on

the petition of Lewis Roberts. The material facts are stated in the opinion.

*Nathaniel C. Moak* for appellant. Even an oral agreement that one shall have a lien, with possession under the agreement, is a valid lien in equity and will be enforced as such. (*Dean* v. *Anderson*, 34 N. J. Eq. 496; *Seymour* v. *Canandaigua*, 25 Barb. 284, 302; *Northrop* v. *Cross*, Seld. Notes [July, 1853], 15–16; [2d ed.] 111.) In all cases where the remedies are concurrent up to the point of title, the right to the summary character of a special proceeding must be warranted by facts, to-wit: the importance of time and the relief sought ministerial in its character, entire absence of title in the question to be disposed of. (*Jackson* v. *Randall*, 5 Cow. 168; *Jackson* v. *Waldemere*, id. 299; *Jackson* v. *Donaghy*, 7 Johns. 247; 2 R. S. 303, 311, § 55.) The award being an agreement in every aspect what may be termed a "judicial contract" cannot be varied by an order of the court at Special Term, on a motion with or without notice. (Laws of 1850, chap. 140, §§ 17–18; McMaster's Railroad Laws, 78–79; Laws of 1871, chap. 56, § 3, p. 88; Laws of 1873, chap. 344, § 1, p. 529; Laws of 1877, chap. 445, p. 512.)

*Fordham Morris* for respondent. The performance by Warren of the contract was "the condition precedent" to compensation. (*Cullen* v. *Powde*, 6 T. R. 320; *Raymond* v. *Bearnard*, 12 Johns. 274; *Faxon* v. *Mansfield*, 2 Mass. 146; *Jennings* v. *Comp.*, 13 Johns. 96; *Ketchum* v. *Eastman*, id. 365; *Clark* v. *Smith*, 14 id. 327; *Frost* v. *Clarkson*, 7 Cow. 28; *Pelltier* v. *Sewell*, 12 Wend. 387; *Kortwright* v. *Cady*, 21 N. Y. 366; *Fullagh* v. *Revelle*, 3 Hun, 600.)

RAPALLO, J. It appears by the extract from the report of the commissioners, set forth in the petition of the respondent, that the sum of $10,675, now in controversy, was ascertained and determined as the compensation which ought justly to be made by the mayor, etc., of New York, to the New York,

Boston and Montreal Railroad Company, for the expense of raising the bed of their road, widening the embankment across the contemplated reservoir, raising and relaying the track of the railroad, and doing other work specified in the report, a detailed estimate of the cost of which work is also contained in the report. This work is, by the report, found to be rendered necessary by reason of the construction of the reservoir, and the precise amount of the estimate of its cost is awarded in full satisfaction and discharge of all claims and damages of the railroad company.

Among the papers read by the appellant in opposition to the application of the respondent, is what purports to be a further extract or recital from the report of the commissioners, which states that they found that the comptroller of the city of New York should pay the sum so estimated, to William D. Warren, the contractor for doing the work, upon the certificate of the chief engineer of the railroad, from time to time, as the work should progress.

The appellant, Mr. Warren, states in his opposing affidavit, that when the award was made he was the contractor for building the road, and as such contractor had already graded the road at the point in question, at an expense of several thousand dollars, and that the company was indebted to him in the sum of about $80,000, and had turned the road and property over to him as security for the indebtedness due to him, and he held possession of the same, and that the direction that he should receive the award was founded upon an agreement made by the railroad company and the Croton department in the presence of the appraisers.

It is to be observed, however, that the award was not made to Mr. Warren for any interest he then had in the premises, but was to cover the expense of work which he was thereafter to do as contractor. The award was, in fact, to the railroad company, to indemnify it for the expenses which were rendered necessary by the construction of the reservoir, and it was made payable to Mr. Warren solely in his capacity as contractor, and

to secure to him payment for the work which he should there-
after do. This direction of the commissioners was subject to
the control of the court, who might confirm or disapprove it.
It never was confirmed by the court in the terms in which it
was originally made, but on the 25th of November, 1876, an
order was made confirming the report of the commissioners,
except as to this clause, which was modified by making the
award payable, not to Mr. Warren by name, but to the con-
tractor who should do the work, whoever it might be.    Mr.
Warren complains that this order was made without notice to
him ; but the subsequent order being the one now appealed
from, which amends the order of November 25, 1876, and di-
rects the payment to be made to Mr. Roberts, the respondent,
was made upon notice to Mr. Warren, and after hearing him
through counsel.

It further appears that after the making of the award, and
before its confirmation, Mr. Warren moved his machinery and
tools on to the work, and with his men did several hundred
dollars' worth of work, when the officers of the Croton depart-
ment notified him that there was danger of the appropriation
for the department not holding out, and that he might get into
trouble by not having money to meet his payments, and ad-
vised him to stop until they felt sure that he would receive his
pay ; that he stopped work at their request, with the promise
that he should receive notification when they felt safe that the
appropriation would be replenished; that he never received
any such notice, but went on with his business in other parts
of the country, but left his tools and materials at the place,
ready to proceed on notice, and he never did anything further
in the prosecution of the work. Soon after he had thus sus-
pended work, the railroad and its franchises were sold under
foreclosure of a mortgage by the Farmers' Loan and Trust
Company, and were bought in by that company, and a new com-
pany was organized under the name of the New York City and
Northern Railroad Company, which company went on with
the construction of the road, and employed the respondent
Roberts as contractor; one of the provisions of his contract

being that he should be entitled to receive and retain any award made by the Croton Aqueduct Department, or other public authority, for raising the grade of the railroad at the crossing of the middle branch of the Croton river. Roberts, under this contract, did the work in question at a cost slightly exceeding the amount of the estimate of the commissioners, and afterward, upon notice to the appellant, made a motion to amend the order of November 25, 1876, confirming the report of the commissioners, by inserting his own name as the contractor who performed the work, thus making the award payable to himself; which motion resulted in the order now appealed from.

We do not think that the direction of the commissioners that the amount awarded to the railroad company for making the necessary changes in the grade of the road be paid to Mr. Warren as contractor, from time to time as the work should progress, gave him such a vested right in the award as precluded the court from directing that it be paid to a different contractor, who actually performed the work, after the road had passed into other hands than those of the company with whom Mr. Warren contracted; and that although Mr. Warren had no notice of the order of the 25th of November, 1876, yet having had notice of the subsequent motion to amend that order, the amended order was valid as against him.

There certainly would have been no propriety in confirming the direction of the commissioners that the entire compensation for doing the work in question be paid to Mr. Warren, when he had ceased to be contractor, had not performed the work, the railroad had changed hands, and the work had been done by the new company or its contractor, Mr. Roberts. Mr. Warren may have had some equity to be secured by the award for the small part of the work which he actually did, and which he states to have been worth a few hundred dollars, but he had no such absolute legal right to be thus protected, that it was an error of law in the court to refuse to sustain the directions of the report even to that extent, under the changed state of circumstances.

The order of the General Term modifies that of the Special Term by adding that it be without prejudice to any claim Mr. Warren may have against the railroad companies, or either of them, for work done by him, and damages sustained by him by reason of any of the facts which he has alleged. We are of opinion that he had no legal right to further relief.

The order should be affirmed, with costs.

All concur, except TRACY, J., absent.

Order affirmed.